James A. Stroup State Controller Division of Accounts Control Department of Administration 1525 Sherman Street, Room 706 Denver, Colorado 80203
Dear Mr. Stroup:
This opinion letter is in response to your inquiry regarding the right of an individual on a state reemployment list to receive reimbursement for moving expenses upon rehire. You indicate that such reimbursement is provided for in the fiscal rules, but it is not clear whether it is authorized by statute.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the question:
Whether section 24-50-134, C.R.S. (1982) authorizes the reimbursement of moving expenses when an individual on a state reemployment list is rehired by the state into a position located in a city or town other than the city or town where the individual was working for the state at the time he was laid off.
My conclusion is "no."
ANALYSIS
The statute which authorizes reimbursement of moving expenses for state employees, section 24-50-134(1), C.R.S. (1982), reads as follows:
 When an employee in the state personnel system is required by any appointing authority, because of a change in assignment or a promotion or for any other reason related to his duties, to change his place of residence, such employee shall be allowed his moving and relocation expenses incurred by reason of such change of residence, subject to the provisions of this section.
Under the language of this statute, an individual seeking reimbursement for moving expenses must be:
1. an employee in the state personnel system;
2. required by an appointing authority to change his place of residence;
3. so required because of a change in assignment or a promotion or for any other reason related to his duties.
The first question presented is whether an individual on a state reemployment list is an "employee" in the state personnel system. State reemployment lists contain the names of certified employees who were laid off for lack of work, lack of funds, or reorganization. Section 24-50-115(1), C.R.S. (1982). The status and rights of persons on reemployment lists are set forth in section 24-50-124, C.R.S. (1982), which provides:
 24-50-124. Reduction of employees. (1) When certified employees are separated from state service due to lack of work, lack of funds, or reorganization, they shall be separated or demoted according to procedures established by the state personnel director . . . . Such employees shall have retention rights throughout the principal department in which they are employed unless the head of the department requests, and the board approves, in advance, limitation of retention rights to major divisions, institutions, or colleges within the principal department.
 (2) A certified employee who is separated shall be placed on a departmental reemployment list for a period of not less than one year.
Another provision in the State Personnel System Act establishes that individuals on a reemployment list have a right to priority placement on employment lists for each class over persons on promotional eligible lists or persons on eligible lists. Section24-50-115(1), C.R.S. (1982). In addition, individuals on reemployment lists may participate in promotional examinations which are otherwise limited to qualified employees. Section24-50-113, C.R.S. (1982). Also under the rules and regulations of the Colorado State Personnel System, a certified employee who was "involuntarily terminated because of lack of work, lack of funds, or reorganization or exhaustion of paid leave" has a right of rehire into the class from which he was removed for a period of 2 years. 4 CCR 8-101, at 3 and at 95.02.
In sum, persons on reemployment lists have certain rights to state employment which are superior to the rights of persons who have not worked in the State Personnel System. At the same time, these individuals have been "separated from state service" or "terminated." Section 24-50-124, C.R.S. (1982); 4 CCR 8-101 at 3. They are thus not on the state payroll, provide no services to the state, and have no assigned duties.
Given the special nature of their status, may individuals on reemployment lists be considered "employees" in the state personnel system? The term "employee" is not defined in the State Personnel System Act. Nevertheless it is well established that words and phrases found in statutes are to be construed according to their familiar and generally accepted meaning. Section 2-4-101, C.R.S. (1980); Harding v. IndustrialCommission, 183 Colo. 52, 515 P.2d 95, 98 (1973). The word "employee" is defined in Websters Third New InternationalDictionary, 743 as:
 1. One employed by another usu. in a position below the executive level and usu. for wages.
The word "employ" is defined in Websters as follows:
 c: to use or engage the services of; . . . also: to provide with a job that pays wages or a salary or with a means of earning a living . . . .
In cases where the courts have construed the word "employee" in a statute or contract according to its common, generally accepted meaning, the word has been found to mean "one who works for wages or salary in the service of an employer," Alliance Companyv. State Hospital at Butner, 241 N.C. 329, 85 S.E.2d 386,389 (1955); a person in service under any appointment or contract of hire, Kelleher v. State, 503 P.2d 29, 31 (Mont. 1972); Savoie v. Fireman's Fund Ins. Co., 347 So.2d 188,191 (La. 1977); "one employed by another usually in a position below the executive level and usually for wages,"Wheeler v. State, 380 A.2d 1052, 1055 (Md. 1977); one who is hired by another, Castell v. State, 250 Ga. 776,301 S.E.2d 234 (1983); "one who works or is in the service of another and whose work as to extent and manner is directed by that other," Tedesco v. Turner and Seymour ManufacturingCo., 19 Conn. Sup. 192, 110 A.2d 650, 654 (1954); a person who renders service to another usually for wages, salary or other financial consideration, and who in the performance of such service is entirely subject to the direction and control of the other, Weaver v. Weinberger, 392 F. Supp. 701, 723
(S.D. W. Va. 1975). It therefore may be concluded that the ordinary, generally accepted meaning of the word "employee" is one who is providing some type of service to another under the direction and control of the other, usually for wages or other consideration. So construed, the word "employee" would not include a person who has certain priorities with respect to hiring, but who is not at present providing services or receiving compensation. To consider a person on a reemployment list an "employee" would amount to a forced, strained, and unusual interpretation of the term, which is not permissible when the language is plain and no absurdity is involved. Harding v.Industrial Commission, supra at 98.
This conclusion appears to be supported by the definitions in the rules and regulations of the Colorado State Personnel System. The term "employee" is defined in rule 1-1-1(m) as an "individual who occupies a position in the Personnel System." 4 CCR 801-1, at 2. The term "position" is defined in rule 1-1-1(u) as "an individual job within the Personnel System." 4 CCR 801-1, at 3. A person on a reemployment list does not have a job within the personnel system. He has only the potential for a job and thus like an individual on an eligibility list is only a "prospective employee." Northwestern Engineering Company v. Rooks,166 Colo. 297, 443 P.2d 977 (1968).
With regard to the other criteria for reimbursement of moving expenses, it may be argued that a person on a reemployment list who is offered a position in a different locality is being "required" by an appointing authority to change his place of residence because of the duties of that position, and therefore meets such other criteria. On the other hand, a person on a reemployment list may request that his name be held on the list for referral only in designated geographic areas, and thus may not be "required" by an appointing authority to change his place of residence. 4 CCR 801-1, at 95.02. In any event, it is not necessary to determine this question in view of the conclusion that the subject individuals are not "employees" in the state personnel system.
SUMMARY
Individuals on state reemployment lists are not "employees" in the state personnel system and thus are not entitled to reimbursement for moving expenses under section 24-50-134, C.R.S. (1982).
Very truly yours,
 DUANE WOODARD Attorney General
EMPLOYEES, PUBLIC EXPENSES EMPLOYMENT
Section 24-50-134(1), C.R.S. (1982)
ACCOUNTS CONTROL DIV. OF
Individuals on state employment lists are not "employees" in the state personnel system and thus are not entitled to reimbursement for moving expenses under section 24-50-134, C.R.S. (1982).